## JULE WILLIAMS vs. THE STATE.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Witnesses—Competency of Children to Testify.*—Where the prosecuting witness was a child nine years of age and her examination dis closes an utter want of anything like a knowledge of the nature, character and consequences of an oath, and she stated that the facts she was about to testify to had been rehearsed to her time and again by her parents, and she had been instructed by them what to testify, *held,* that the examination on her *voir dire* showed her wholly imcompetent under our statute, and that the court erred in permitting her to testify over defendant's objections.

Appeal from San Augustine county.

Opinion by White, P. J.

With regard to persons who are declared to be incompetent to testify on criminal trials in this State, our statute names

"children or other persons, who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with regard to which they are interrogated, or who do not understand the obligation of an oath." C. C. P., Art. 730, Sub. Div. 2.

It is now said to be the established rule, as well in criminal as in civil cases, that children of any age are competent to testify and may be examined upon oath if capable of distinguishing between good and evil, wherever they show intelligence enough to observe and narrate transactions or where they have a due sense of the obligation of an oath, that is, possess sufficient knowledge of the nature and consequences of an oath. 1 Phill. Ev. C. H. & E. Notes, p. 11. 1 Greenleaf Ev., 367. Whart. Crim. Ev. (8 Ed.) § 366.

The mode of eliciting and determining by examination the facts of competency, is left to the sound discretion of the judge, and where the exercise of that d scretion has been called in question, it has been more than once declared by this court that "we believe that the court before whom the examination of a child, offered as a witness, is made, is better able to determine as to its competency to testify, than this court can possibly be from the bare transcript, and we would not feel warranted in reversing a conviction had on account of the admission of such testimony, unless it was made clearly to appear that the discretion of the court had been abused." Brown vs. State, 2 Texas Court of Appeals, p. 115. Ake vs. State, 6 Court of Appeals, p. 286. Mr. Starkie says, whether the infant be competent or not, is a question for the discretion of the court. 2 Stark Ev., p. 392. We are aware that the soundness of this doctrine has been called in question by the Supreme Court of Alabama, in The State vs. Morea, 2 Ala. R., p. 275, wherein it is said, "it may not be improper to add that we incline strongly to the impression, that the admission or rejection of all evidence is not a matter of mere discretion, but rather that all such questions involve rights which must be ascertained and determined by fixed principles and by rules of law. We are not aware of any adjudicated case which tends to support Mr. Starkie in the contrary opinion." In his work on criminal evidence (8 Ed.) Mr. Wharton says,

"the preliminary examination thus requisite, is usually undertaken exclusively by the court, and it is said that it will require a strong case to sustain a reversal of the ruling of the court examining such a witness." Sec. 368.

In the case before us the learned judge appeared to have entertained serious doubts of the competency of the prosecuting witness, Maud Burrell, both as to her intelligence and her sense of the nature, consequences and obligations of an oath. She was nine years of age, it is true, and yet her examination discloses an utter want of anything like a knowledge of the nature or character and consequences of the oath she had taken as a witness. As to the narrative she gave of the transaction, she stated, that the facts she was to testify to had been rehearsed to her time and again by her parents, and she had been instructed by them what to testify. From the examination of the witness on her *voir dire*, as shown by defendants bill of exceptions we are of opinion that the witness showed herself wholly incompetent to testify under our statute, and that the court erred in permitting her to do so over defendant's objections. The judgment is reversed and cause remanded.